# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TONY MATHIS,** as father and next friend of **BRAYDEN MATHIS,** a minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **INDIAN NATIONAL FOOTBALL CONFERENCE,** a not-for-profit Oklahoma Corporation, **TOM LOTT,** individually and as President of Indian Nations Football Conference, **SHAWN ROSS, ERIC MUNDEN, KRISTIN COPELAND, KURT SCHECKE, RON MOORE, JACK YOUNGER, CHUCK FESSLER, MIKE GLISSON,** and **RALPH KEEL,** | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 07-CV-0402-CVE-SAJ

## OPINION AND ORDER

On July 20, 2007, defendants Indian National Football Conference and Tom Lott, filed a Notice of Removal (Dkt. # 2), alleging that plaintiff's claim arises under the 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, and is removable under 28 U.S.C. § 1441. The Court remands this action to the Tulsa County District Court on the ground that this Court does not read plaintiff's petition as stating a claim for violation of any federal statute and, thus, subject matter jurisdiction in this Court does not exist.

The rules governing removal to federal court are well-established, requiring that parties who seek to be heard in federal court demonstrate either the presence of a federal question or complete diversity of parties. See 28 U.S.C. § 1441. Since neither party asserts diversity jurisdiction in this case, the Court considers the presence of a federal question. As the Tenth Circuit has explained, it is the plaintiff's prerogative to include, or not, a claim arising under federal law:

> The presence of absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rules makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Felix v. Lucent Technologies, 387 F.3d 1146, 1154 (10th Cir. 2004) (internal citations and quotation marks omitted); see also Qwest Corp. v. Santa Fe, New Mexico, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004) ("By omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in state court.").

In the notice of removal, defendants allege that plaintiff's claim is premised upon 42 U.S.C. § 1983. Dkt. # 2, at 2. The petition states that plaintiff, a third-grade student, has been refused a release to play football at Jenks schools. Dkt. # 2, Ex. A, at 2. There is no allegation in the petition of a violation of § 1983. Defendants further state that "[o]pposing counsel has indicated that he intends to revise his Petition to assert due process violations under the 14th Amendment." Id. However, an intent to revise a petition does not meet the "face of the well-pleaded complaint rule."

The face of the petition contains no federal question, and this Court has no jurisdiction over this action. Under Fed. R. Civ. P. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, this matter will be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court Clerk **remand this case to the District Court in and for Tulsa County, State of Oklahoma**.

**DATED** this 20th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT