UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TONY MATHIS, as father and next friend of BRAYDEN MATHIS, a minor child,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-CV-0402-CVE-SAJ |
| ) | |
| **INDIAN NATIONAL FOOTBALL CONFERENCE, a not-for-profit Oklahoma Corporation, TOM LOTT, individually and as President of Indian Nations Football Conference, SHAWN ROSS, ERIC MUNDEN, KRISTIN COPELAND, KURT SCHECKE, RON MOORE, JACK YOUNGER, CHUCK FESSLER, MIKE GLISSON, and RALPH KEEL,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On July 20, 2007, defendants Indian National Football Conference and Tom Lott, filed a Notice of Removal (Dkt. # 2), alleging that plaintiff's claim arises under the 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, and is removable under 28 U.S.C. § 1441. The Court remands this action to the Tulsa County District Court on the ground that this Court does not read plaintiff's petition as stating a claim for violation of any federal statute and, thus, subject matter jurisdiction in this Court does not exist.

The rules governing removal to federal court are well-established, requiring that parties who seek to be heard in federal court demonstrate either the presence of a federal question or complete diversity of parties. See 28 U.S.C. § 1441. Since neither party asserts diversity jurisdiction in this case, the Court considers the presence of a federal question. As the Tenth Circuit has explained, it is the plaintiff's prerogative to include, or not, a claim arising under federal law:

> The presence of absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rules makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Felix v. Lucent Technologies, 387 F.3d 1146, 1154 (10th Cir. 2004) (internal citations and quotation marks omitted); see also Qwest Corp. v. Santa Fe, New Mexico, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004) ("By omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in state court.").

In the notice of removal, defendants allege that plaintiff's claim is premised upon 42 U.S.C. § 1983. Dkt. # 2, at 2. The petition states that plaintiff, a third-grade student, has been refused a release to play football at Jenks schools. Dkt. # 2, Ex. A, at 2. There is no allegation in the petition of a violation of § 1983. Defendants further state that "[o]pposing counsel has indicated that he intends to revise his Petition to assert due process violations under the 14th Amendment." Id. However, an intent to revise a petition does not meet the "face of the well-pleaded complaint rule."

The face of the petition contains no federal question, and this Court has no jurisdiction over this action. Under Fed. R. Civ. P. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, this matter will be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court Clerk **remand this case to the District Court in and for Tulsa County, State of Oklahoma**.

**DATED** this 20th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT